UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cr-30059-MGM |
| ) | |
| LUIS VELEZ, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER CONCERNING GOVERNMENT'S
MOTION FOR EXCLUDABLE DELAY
(Dkt. No. 56)

ROBERTSON, U.S.M.J.

I.   Introduction

Defendant Luis Velez ("the Defendant") has been indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Before the court is the government's motion to exclude time from July 17, 2020 to October 26, 2020 under the Speedy Trial Act, 18 U.S.C. § 3161 in the interests of justice (Dkt. No. 56).  *See* 18 U.S.C. § 3161(h)(7)(A).  The Defendant opposes the government's motion (Dkt. No. 57).  For the reasons set forth below, the government's motion is granted.

II.   Relevant Background

The Defendant was indicted on December 19, 2019 (Dkt. No. 4).  He was arrested and arraigned on January 9, 2020, and, following a hearing, ordered detained pending trial (Dkt. Nos. 12, 14, 18).  Without opposition from the Defendant, the court entered orders excluding time under the Speedy Trial Act in the interests of justice for the following periods:  January 9 to March 4, 2020 (Dkt. No. 15); March 4 to April 29, 2002 (Dkt. No. 22); and April 28 to June 15, 2020 (Dkt. No. 31).  In each instance, the court made contemporaneous findings on the record

1

explaining the reasons for excluding the time based on information provided by the parties about the status of the case and trial preparation. On June 1, 2020, the defendant filed his Motion to Compel Disclosure of Witness Information (Dkt. No. 36). With the Defendant's assent, there was a modest delay – to June 19, 2020 – in the government's filing of its opposition to the Defendant's motion to compel. On June 25, 2020, the court held a combined final status conference and hearing on the Defendant's pending discovery motion and took the motion under advisement (Dkt. Nos. 49, 51-52). At the final status conference, reasoning that automatic pretrial discovery was complete, the court scheduled a July 7, 2020 initial pretrial conference before the presiding District Court Judge (Dkt. No. 50).[1] The court issued its ruling on the Defendant's motion to compel on July 17, 2020 (Dkt. No. 55). According to the government, at the pretrial conference, the Defendant requested that a trial date be set. The presiding District Court Judge set a trial date of October 26, 2020, which was the earliest date the Judge deemed practicable in view of the coronavirus pandemic, the resulting public health emergency, and the respective ages of trial-ready criminal cases in which a defendant, like the Defendant in the instant case, was detained pending trial.

    III.    <u>Discussion</u>

The Speedy Trial Act provides, in pertinent part, that

> [i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

---

[1] While the court does not know whether the government has completed the disclosure of information required pursuant to the court's July 17, 2020 order granting in part the Defendant's motion to compel (Dkt. No. 55), that point has no bearing on operation of the Speedy Trial Act.

18 U.S.C. § 3161(c)(1). "The Act mandates the exclusion of certain dates, such as 'delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.'" *United States v. Pakala*, 568 F.3d 47, 57-58 (1st Cir. 2009) (quoting 18 U.S.C. § 3161(h)(1)(J)); *see also United States v. Huete-Sandoval*, 668 F.3d 1, 4 (1st Cir. 2011) (delay resulting from the "mere preparation" of pretrial motions is not automatically excludable pursuant to 18 U.S.C. 3161(h)(1)(J)) (citing *Bloate v. United States*, 130 S. Ct. 1345, 1353 (2010)). "The Act also permits the exclusion of days resulting from the granting of a motion to continue, 'if the judge granted such continuance on the basis of his findings that the *ends of justice* served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" *Pakala*, 568 F.3d at 58 (quoting 18 U.S.C. § 3161(h)(7)(A)) (emphasis in original).

The Defendant does not dispute that the time from his January 9, 2020 arraignment through July 17, 2020, the date on which the court issued its ruling on the Defendant's motion to compel, is properly excluded under the Speedy Trial Act. As to excluding time related to the motion to compel, *see* 18 U.S.C. § 3161(h)(1)(D), (H); *Huete-Sandoval*, 668 F.3d at 4. As to time the parties agreed should be excluded while discovery was exchanged and reviewed and other necessary pretrial matters were addressed, *see* 18 U.S.C. § 3161(h)(7)(A), (B); Local Rule 112.2(a), (b) of the Local Rules of the United States District Court for the District of Massachusetts; *see also Pakala*, 568 F.3d at 58, 60.

On May 27, 2020, this Court issued General Order 20-21("the Order") continuing all jury trials in the District of Massachusetts scheduled to begin on or before September 8, 2020.[2] The Order was justified by the public emergency arising out of the coronavirus pandemic and the

---

[2] A copy of General Order 20-21 is filed herewith as Attachment 1.

need to protect public health.  In summary, the Order provided that all jury trials scheduled to begin on or before September 8, 2020 were continued pending further order of the court and that the time period of any trial continuance through September 8, 2020 resulting from the Order would be excluded under the Speedy Trial Act as serving the ends of justice.  The Order further provided that a criminal defendant seeking to exercise his rights under the Speedy Trial Act could seek an exception to the Order and should, as a first step, direct any such request to the presiding District Judge.

The Defendant in the instant case has not moved for or requested relief from operation of the Order except insofar as he has opposed the government's motion to exclude time through the October 26, 2020 trial date.  He contends that the Order "does not purport to be a blanket exclusion of time to trial for cases that can be scheduled *past* [September 8, 2020]" (Dkt. No. 57 at 1) (emphasis in original), that the Speedy Trial clock began running on July 18, 2020, the day after the court issued its ruling on the Defendant's motion to compel, s*ee* Fed. R. Crim P. 45(a)(1)(A) (when a period of time is stated in days, the day of the event that triggers the period is excluded from the calculation), and that, using July 18, 2020 as a starting point and assuming no basis for excluding time thereafter, the Defendant's trial would have to commence by no later than September 28, 2020 to satisfy the Speedy Trial Act's 70-day deadline.[3]  As previously noted, at this time, the case is scheduled for trial commencing October 26, 2020.

The Order acknowledges "the right of criminal defendants to a speedy and public trial under the Sixth Amendment, and the particular application of that right in cases involving

---

[3] If the Order is interpreted as excluding time through September 8, 2020 in all criminal cases – including the Defendant's – that were trial-ready prior to September 8, 2020, then unexcluded time in the Defendant's case from September 9, 2020 through October 25, 2020 would total some 46 days and the October 26, 2020 trial date would be timely from the point of view of the Speedy Trial Act.

defendants [like the Defendant in this case] who are detained pending trial." Order at 1-2. To the extent there will be a delay in trying the Defendant's case, that delay is attributable principally to the extraordinary circumstances created by the COVID-19 pandemic that has profoundly affected this court's operations beginning in March 2020, as reflected in the Order, in the predecessor orders issued on March 12, 2020 (Order 20-2) and March 30, 2020 (Order 20-13), and in related orders governing other aspects of this court's operations. These orders, like similar orders issued by federal courts in other districts, were issued to protect the public health based upon a presidential declaration of a national emergency and, in the case of Massachusetts, a gubernatorial declaration of a public health emergency.

The postponement of all jury trials scheduled to begin before September 8, 2020 has resulted in a backlog of trials. The court has issued petit jury summonses and expects to resume jury trials beginning on or around September 29, 2020 with significant precautions in place to protect the health of all participants in the trial, including jurors, witnesses, court personnel, defendants, and court security officers. The court is giving priority to criminal cases in which the defendant or defendants are detained pending trial, generally scheduling cases for trial in the order in which the defendants were arraigned.

In the court's view, in these unusual circumstances, the Defendant's objection to the government's motion to exclude time in his case lacks merit. Numerous federal district courts across the country have excluded time from the Speedy Trial Act calculation in the interests of justice when, as in this case, the delay is directly attributable to the impact of the pandemic on the operations of the court. *See, e.g., United States v. Brown*, Criminal No. DKC 19-0146, 2020 WL 5338441 (D. Md. Sept. 4, 2020); *United States v. Reese*, Case No. 19-cr-0149 (WMW/KMM), 2020 WL 5097041 (D. Minn. Aug. 28, 2020); *United States v. Diaz-Nivar*,

Criminal No. 20-cr-38-JD, 2020 WL 3848200 (D.N.H. July 8, 2020); *United States v. Kemprud*, Case No. 2:19-CR-00218-MCE, 2020 WL 2128585 (E.D. Cal. May 5, 2020). "[A] district court may continue a trial, and exclude the period of continuance from Speedy Trial Act calculations 'on [its] own motion' based on 'findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.'" *Reese*, 2020 WL 5097041, at *2 (quoting 18 U.S.C. §3161(h)(7)(A)). "The Speedy Trial Act contains a *non-exclusive* list of factors that a district court may consider when conducting this ends-of-justice analysis." *Id.* "Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances." *Kemprud*, 2020 WL 2128585, at *2. "The universality of COVID-19 means that every participant in the criminal justice process is at risk. Until that risk can be satisfactorily managed so as to reasonably provide for the public health considerations for all participants, including the defendant and his counsel, continuances necessitated by the pandemic are in the interest of justice and are excludable under the Speedy Trial Act." *Diaz-Nivar*, 2020 WL 3848200, at *3 (excluding time in the interests of justice based on the court's order following individualized consideration of the defendant's status).

The Defendant has not provided any reason why the court's findings about the reasons for excluding time in cases that were scheduled for trial on or before September 8, 2020 do not apply equally to him. *See Diaz-Nivar*, 2020 WL 3848200, at *3. The delay in his case is not so long as to be considered "'presumptively prejudicial.'" *United States v. Santiago-Becerril*, 130 F.3d 11, 21 (1st Cir. 1997) (quoting *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992) (for purposes of the speedy trial inquiry under the Sixth Amendment, trial courts generally have found post-accusation delay presumptively prejudicial when it approaches one year)). "The

anticipated short length of [the Defendant's] trial … does not outweigh" this Court's findings about the need to protect the health of all participants in the criminal justice process. *Diaz-Nivar*, 2020 WL 3848200, at *3. For the foregoing reasons, the court concludes that the ends of justice served by scheduling the Defendant's trial on October 26, 2020 outweigh the public's and the Defendant's right to a more speedy trial. The government's motion to exclude time through October 26, 2020 is granted.

IV.     Conclusion

For the foregoing reasons, the government's motion for excludable delay (Dkt. No. 56) is GRANTED.

It is so ordered.

Dated: September 10, 2020                                         /s/ Katherine A. Robertson
                                                                  KATHERINE A. ROBERTSON
                                                                  U.S. MAGISTRATE JUDGE